## In re RAIL COLLISION NEAR CHASE, MARYLAND ON JANUARY 4, 1987.

### No. 728.

Judicial Panel on Multidistrict Litigation.

June 3, 1987.

Before ANDREW A. CAFFREY, Chairman, and ROBERT H. SCHNACKE,* FRED DAUGHERTY, SAM C. POINTER, JR., S. HUGH DILLIN, MILTON POLLACK and LOUIS H. POLLAK, Judges of the Panel.

## TRANSFER ORDER

### PER CURIAM.

This litigation presently consists of nineteen actions pending in six federal districts as follows:[1]

| | |
|---|---|
| District of Maryland | 6 |
| Southern District of New York | 5 |
| Eastern District of New York | 3 |
| Eastern District of Pennsylvania | 3 |
| District of Connecticut | 1 |
| District of Rhode Island | 1 |

Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by Consolidated Rail Corporation (Conrail) to centralize the actions in this litigation in the Eastern District of Pennsylvania[2] for coordinated or consolidated pretrial proceedings. Plaintiffs in the three Pennsylvania actions and one Maryland action support the motion to centralize in the Pennsylvania forum. Plaintiffs in the other Maryland actions as well as the

---

* Judge Robert H. Schnacke took no part in the decision of this matter.

1. The motion before the Panel, as originally filed on February 20, 1987, pertained to seven actions: three actions in the Eastern District of Pennsylvania and one action each in the District of Maryland, District of Connecticut, Southern District of New York and Eastern District of of New York. The other twelve actions are included in the matter before us because all parties to those actions have stated in writing their respective positions on the present motion and participated in oral argument at the Panel's May 21 hearing either through their own counsel or by designating counsel for another party to orally represent them. In addition, the Panel has been advised of several recently filed related actions. These actions will be treated as potential tagalong actions. *See* Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D 273, 278–80 (1981).

2. At the Panel hearing, Conrail also stated that the District of Maryland would be an appropriate transferee forum.

Rhode Island action support centralization in the District of Maryland. The National Rail Passenger Corporation (Amtrak) and most New York plaintiffs oppose centralization under Section 1407. Alternatively, Amtrak suggests centralization in the Maryland forum, while the New York plaintiffs suggest the Southern District of New York as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these nineteen actions involve common questions of fact and that centralization under Section 1407 in the District of Maryland will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share factual questions concerning the cause or causes of the January 4, 1987 collision between an Amtrak passenger train and three Conrail locomotives near Chase, Maryland, in which allegedly sixteen persons were killed and approximately two hundred persons were injured. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Maryland, wherein the collision occurred, is the most appropriate transferee forum. We note that pertinent witnesses and documents may be found there and that this district is centrally located for many parties and witnesses. We further note that the transferee judge can formulate a pretrial program to allow discovery with respect to any unique issues, such as individual damages, to proceed concurrently with discovery on common issues. *See In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L.1976).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and pending in districts other than the District of Maryland be, and the same hereby are, transferred to the District of Maryland and, with the consent of that court, as-signed to the Honorable Alexander Harvey, II, for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

### District of Connecticut

*Tara Proto v. National Railroad Passenger Corp., et al.*, C.A. No. N–87–10

### Eastern District of Pennsylvania

*Maquita A. Alexander v. National Railroad Passenger Corp., et al.*, C.A. No. 87–0063

*Daisy Harvey v. National Railroad Passenger Corp., et al.*, C.A. No. 87–0193

*Anthony Adebonojo v. National Railroad Passenger Corp., et al.*, C.A. No. 87–0235

### Eastern District of New York

*Jae Park v. National Railroad Passenger Corp., et al.*, C.A. No. CV–87–0634

*Sondra Barksdale v. National Railroad Passenger Corp., et al.*, C.A. No. 87–0743

*Tonya Staley v. Consolidated Rail Corp., et al.*, C.A. No. CV–87–0080

### Southern District of New York

*Norma T. Brady v. National Railroad Passenger Corp., et al.*, C.A. No. 87–Civ–1486

*Jane McRonald v. National Railroad Passenger Corp., et al.*, C.A. No. 87–Civ–1168

*Andrew Rauhauser v. National Railroad Passenger Corp., et al.*, C.A. No. 87–Civ–0749

*Kyra K. Bergin, et al. v. National Railroad Passenger Corp., et al.*, C.A. No. 87–Civ–0186

*Augustine Jackson v. National Railroad Passenger Corp., et al.*, C.A. No. 87–Civ–0772

### District of Rhode Island

*David Luce, et al. v. National Railroad Passenger Corp., et al.*, C.A. No. 87–257

**District of Maryland**

*Jose Jesse Corti v. National Railroad Passenger Corp., et al.,* C.A. NO. H–87–299

*Patsy Wallis, et al. v. Consolidated Rail Corp., et al.,* C.A. No. H–87–305

*Selma H. Silberstein v. Consolidated Rail Corp., et al.,* C.A. No. H–87–35

*Ernest H. Barry, Jr., et al. v. National Railroad Passenger Corp., et al.,* C.A. No. H–87–1059

*Roger A. Horn v. National Railroad Passenger Corp., et al.,* C.A. No. H–87–1135

*Maria Elisabeth Ross v. Consolidated Rail Corp., d/b/a Conrail, et al.,* C.A. No. H–87–1134